IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00587-BNB-KMT

GALENA STREET FUND, L.P.
    Plaintiff,

v.

WELLS FARGO BANK, N.A.,
    Defendant.

## JOINT PROPOSED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, deposition exhibits and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or nonidentical copy is a separate document within the meaning of this term.

3. Information designated "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall be documents, materials and/or information (collectively "HIGHLY CONFIDENTIAL information") that is confidential and that the producing party or nonparty reasonably and in good faith believes contains; (i) trade secrets or other information that the party reasonably believes would result in competitive, commercial or financial harm to the disclosing party or its personnel, clients or customers; or (ii) material that the producing party or nonparty believes in good faith would not otherwise be adequately protected under the procedures set forth in this Order for Confidential Material.  Extracts and summaries of HIGHLY CONFIDENTIAL information, and information derived from HIGHLY CONFIDENTIAL information, shall be treated as HIGHLY CONFIDENTIAL information.  HIGHLY CONFIDENTIAL information shall not , without the consent of the party or nonparty designating it or further Order of the Court, be disclosed or used for any purpose except the preparation and trial of this case.

4. HIGHLY CONFIDENTIAL information shall not, without the consent of the party or nonparty designating it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by those attorneys in the preparation for trial, at trial, or at other proceedings in this case;

3

    c.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    d.    three designated representatives of each party;

    e.    the Court and its employees ("Court Personnel");

    f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g.    deponents, witnesses, or potential witnesses; and

    h.    other persons by written agreement of the parties.

    5.    Information designated "CONFIDENTIAL" shall be information, materials and/or information (collectively "CONFIDENTIAL information") that is confidential and contains: (i) proprietary information, trade secrets, other competitively sensitive information, or other confidential research, development, or commercial information, (ii) nonpublic information of a personal or private nature, or (iii) nonpublic personal information ("NPPI") as that term is defined by the Gramm-Leach-Bliley Act ("GLBA"), and its implementing regulations including, but not limited to, any portion of any document, including a mortgage loan file, which includes financial or credit information for any person (including any credit history, credit report or credit score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, and place or position of work. Extracts and summaries of CONFIDENTIAL information, and

3

information derived from CONFIDENTIAL information, shall be treated as CONFIDENTIAL information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

6. CONFIDENTIAL information shall not, without the consent of the party or nonparty producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by those attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. the agents or employees of the parties, who are needed for preparation, trial or other proceedings in this case;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. Court Personnel;

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. deponents, witnesses, or potential witnesses; and

    h. other persons by written agreement of the parties.

7. Prior to disclosing any HIGHLY CONFIDENTIAL or CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel,

Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Documents are designated as HIGHLY CONFIDENTIAL or CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

9. Whenever a deposition involves the disclosure of HIGHLY CONFIDENTIAL or CONFIDENTIAL information, the deposition or portions thereof shall be designated as HIGHLY CONFIDENTIAL or CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as HIGHLY CONFIDENTIAL or CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. No party shall publicly file or otherwise publicly disclose transcripts, or portions thereof, within thirty (30) days after notice by the court reporter of the completion of the transcript without conferring with all interested parties whose

HIGHLY CONFIDENTIAL or CONFIDENTIAL information may be contained in the transcript.

10. A party may object to the designation of particular HIGHLY CONFIDENTIAL or CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as HIGHLY CONFIDENTIAL or CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order no later than fifteen (15) business days after the time the notice is received. If such a motion is timely filed, the disputed information shall be treated as HIGHLY CONFIDENTIAL or CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as HIGHLY CONFIDENTIAL or CONFIDENTIAL and shall not thereafter be treated as HIGHLY CONFIDENTIAL or CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as HIGHLY CONFIDENTIAL or CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as HIGHLY CONFIDENTIAL or CONFIDENTIAL.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as HIGHLY CONFIDENTIAL or CONFIDENTIAL shall be returned to the party or nonparty that designated it HIGHLY

CONFIDENTIAL or CONFIDENTIAL, or the parties may elect to destroy HIGHLY CONFIDENTIAL or CONFIDENTIAL documents.  Where the parties agree to destroy HIGHLY CONFIDENTIAL or CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. This **Protective Order** may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated June 21, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

759860