IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00587-BNB-KMT

GALENA STREET FUND, L.P.,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

_____

# ORDER

_____

This matter arises on **Defendant's Motion to Compel Proper Interrogatory Answers**
[Doc. # 94, filed 10/1/2013] (the "Motion to Compel").  Wells Fargo seeks an order compelling
full answers to Interrogatories 2, 5, 8, 9, 12, and 15.  The Motion to Compel is granted with
respect to Interrogatories 2, 5, and 8, and denied with respect to Interrogatories 9, 12, and 15.

## Interrogatory 2

Wells Fargo requested that Galena admit that its "allegations of improper servicing all
relate to conduct that occurred when Washington Mutual was servicer of the loans in the Trusts."
Request for Admission 5 [Doc. # 94-1] at p. 8.  Galena interposed objections based on Wells
Fargo's delay in producing loan files and WaMu's destruction of loan files and denied the
request.  Responses [Doc. # 94-2] at p. 11.  Interrogatory 2 sought "all facts and any applicable
legal authority that [Wells Fargo] rely upon" for its denial, as well as the documents and
witnesses with knowledge supporting the denial.  Interrogatory 2 [Doc. # 94-1] at p. 6.  Galena
responded that it "refers Wells Fargo to Galena's complaint and the facts contained therein."

Responses [Doc. # 94-2] at p. 5.

Interrogatory 2 calls for information obviously relevant to the parties' claims and defenses or reasonably calculated to lead to the discovery of admissible evidence.  Galena's response to the interrogatory is no response at all.

The Motion to Compel is GRANTED with respect to Interrogatory 2.

## Interrogatory 5

Interrogatory 5 requests:

> Identify the date, type and amount of each reimbursement of servicing advances or other expenses from the Trust that you allege was improper.

Interrogatory 5 [Doc. # 94-1] at p. 7.  Galena interposed objections and responded:

> . . . Galena states that its complaint contains sufficient specificity regarding the reimbursement of servicing advances at issue in this case for Wells Fargo to identify the specific advances itself. Galena will further supplement this response with facts learned from its review of Wells Fargo's late production of loan and servicing files.

Responses [Doc. # 94-2] at pp. 5-6.

Interrogatory 5 calls for information obviously relevant to the parties' claims and defenses or reasonably calculated to lead to the discovery of admissible evidence.  Galena's response to the interrogatory is no response at all.

The Motion to Compel is GRANTED with respect to Interrogatory 5.

## Interrogatory 8

Interrogatory 8 requests:

> Identify and describe any Galena policies or procedures that are related to its investment in the Series 2002-2 and Series 2003-R1 Trusts.

Interrogatory 8 [Doc. # 94-1] at p. 7.  Galena interposed objections:

> Galena objects to this request as overly broad and unduly
> burdensome, including, but not limited to requesting a description
> of "policies and procedures" in place over a decade ago.  Galena
> further objects to this request as not reasonably calculated to lead
> to the discovery of admissible evidence to the extent it requests
> information related to policies and procedures related to Galena's
> investment in the Trusts.

Responses [Doc. # 94-2] at p. 7.

In response to the Motion to Compel, Galena abandons its objections, states that it "does

not have any such documents," and argues that it cannot be compelled to produce documents that

do not exist.  Response [Doc. # 95] at pp. 9-10.

Rule 33(b), Fed. R. Civ. P., requires that the interrogatory must be answered under oath

by an officer or agent of Galena.  The statement by counsel that no such documents exist does

not satisfy the requirement.  The Motion to Compel is GRANTED with respect to Interrogatory

8 to require Galena to provide its answer in a manner consistent with the formalities of the

Federal Rules of Civil Procedure.

**Interrogatories 9 and 12**

Interrogatory 9 requests:

> Identify each instance of alleged improper servicing of the loans in
> the Trusts that occurred while Wells Fargo was servicer, and for
> each provide a date and a description of the conduct or omission
> that you allege constitutes improper servicing.

Interrogatory 9 [Doc. # 94-1] at p. 7.

Interrogatory 12 requests:

> Identify each instance of alleged improper servicing of the loans in
> the Trusts that occurred while Washington Mutual was servicer,

and for each provide a date and a description of the conduct or
omission that Galena alleges constitutes improper servicing.

Interrogatory 12 [Doc. # 94-3] at p. 5

Galena objected to both interrogatories based on burden, over breadth, and the late

production of the loan files, and answered that it would respond when its review of Wells

Fargo's loan files was completed.  There is no indication that any further response to the

interrogatories has been made.

In its Response to the Motion to Compel, Galena argues that "analysis of the servicing

information produced in this litigation is being performed by experts retained by Galena" and

that "identification of improper servicing necessarily involves Galena's experts' analysis of the

servicing files."  Response [Doc. # 95] at p. 4.  Because Galena's expert reports are due on or

before March 28, 2014, there is no reason to compel responses to Interrogatories 9 and 12 in

advance of that deadline.

The Motion to Compel is DENIED with respect to Interrogatories 9 and 12.

### Interrogatory 15

Interrogatory 15 requests:

Describe in detail each element of damages that Galena claims to
be entitled to recover in this litigation and for each such element,
state the amount Galena claims is owed, the date the damages were
incurred, and whether the damages claimed are estimated or
otherwise approximate.

Interrogatory 15 [Doc. # 94-3] at p. 5.  After objecting, Galena answered that it would "provide

information responsive to this request through its disclosed expert."  Response [Doc. # 94-4] at

p. 7.  Because Galena's expert reports are due on or before March 28, 2014, there is no reason to

compel responses to Interrogatory 15 in advance of that deadline.

The Motion to Compel is DENIED with respect to Interrogatory 15.

IT IS ORDERED that the Motion to Compel [Doc. # 94] is GRANTED IN PART and DENIED IN PART as follows:

    • GRANTED to require full answers to Interrogatories 2, 5, and 8 on or before March 25, 2014, that comply with the formalities of the Federal Rules of Civil Procedure; and

    • DENIED with respect to Interrogatories 9, 12, and 15.

Dated March 11, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge